# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| SHANNON D.,[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 25-2084-JWL** |
| **FRANK BISIGNANO,[2]** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) application of Social Security Ruling (SSR) 00-4p, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this opinion.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

[2] On May 7, 2025, Mr. Bisignano was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted for Acting Commissioner Lee Dudek as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

I.    **Background**

Plaintiff protectively filed an application for SSDI benefits on August 31, 2022. (R. 14, 192-94). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ failed properly to evaluate residual functional capacity (RFC) on a function-by-function basis, the RFC assessed is not supported by substantial evidence, the ALJ erred in applying SSR 00-4p at step five of the sequential evaluation process, and the ALJ failed to consider a closed period of disability.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only <u>supports</u> [a contrary] conclusion, but <u>compels</u> it." <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005); <u>see also</u>, <u>Bowling v. Shalala</u>, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in <u>Bowling</u>)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or

3

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Remand is required because of the Commissioner's error in applying SSR 00-4p and the court need not address the other errors alleged in Plaintiff's Social Security Brief. If desired, she may present these arguments to the ALJ on remand.

## II.    Discussion

In her Social Security Brief, Plaintiff notes the ALJ limited Plaintiff to performing sedentary exertional work and the vocational expert (VE) testified Plaintiff could perform the occupation of an office clerk which the Dictionary of Occupational Titles (DOT) classifies as light work. (Pl. Br. 14). Plaintiff argues, based upon SSR 00-4p,

4

> While the ALJ noted the "ORS" (Occupational Requirements Survey) showed this job was "also unskilled sedentary" ([R]. 23), this simply does not resolve the conflict between the VE's testimony and the DOT.  The VE did not make any other statement other than the fact the ORS showed this was also an unskilled position and "performed at sedentary."  ([R]. 47-48).  She did not acknowledge any inconsistency with the DOT, nor did she testify the ORS was more reliable than the DOT, nor did she identify how the ORS defines "sedentary," nor otherwise address the conflict between her testimony and the DOT.  Likewise, the ALJ did not acknowledge the inconsistency with the DOT, nor did she inquire as to the ORS definition of "sedentary," nor did she elicit any testimony as to why the ORS was more reliable than the DOT nor otherwise resolve the conflict with the DOT.  In the ALJ's decision, she merely noted the ORS showed the job was unskilled and sedentary.  ([R]. 23).  The ORS is not a source about which administrative notice is taken; the DOT is a source about which administrative notice is taken.  20 C.F.R. 404.1566(d)(i-v).

(Pl. Br. 14).  She continues,

> SSR 00-4p also provides the regulatory definitions of exertional levels are controlling.  The example given is that if the evidence establishes the exertional demands of an occupation meet the regulatory definition of "medium" work, the ALJ may not rely on VE testimony that the occupation is "light."  Likewise, here, the ALJ cannot rely on VE testimony the job is a sedentary job when the DOT classifies the job as light.  It would appear the ORS may deem the sitting, standing and/or walking requirements to be akin to those of "sedentary" while the lifting and/or carrying requirements of up to 20 pounds are more akin to those of "light" work.  20 C.F.R. 404.1567(a) and (b) (for definitions of sedentary and light work). … The VE has re-classified the exertional level contrary to SSR 00-4p and the ALJ has improperly relied on that classification.  The Commissioner has failed to sustain his burden, and this matter must be reversed.

Id. 14-15.

In response, the Commissioner notes the VE testified she classified 141,000 of the office clerk jobs as sedentary rather than light based on the ORS and on her vocational knowledge and experience.  (Comm'r Br. 10).  He argues SSR 00-4p permits an ALJ to rely on VE testimony in conflict with the DOT so long as the ALJ gets a reasonable

5

explanation from the VE and the VE's assumptions and definitions are consistent with

the SSA's regulatory policies and definitions.  (Comm'r Br. 11).  He concludes,

> While the vocational expert provided testimony about the exertional level
> of the office clerk position that conflicted with the DOT, she acknowledged
> this conflict and explained that her testimony was based on the ORS and
> supplemented by her vocational knowledge and experience.  Because this
> explanation was reasonable, the ALJ was entitled to rely on the vocational
> expert's testimony

Id. at 12.

### A.    Standard for Considering Conflicts Between the DOT and VE Testimony

The development of the SSR 00-4p standard is instructive in this case.  In

November 1999, the Tenth Circuit Court of Appeals decided that before an ALJ may rely

on VE testimony, "the ALJ must investigate and elicit a reasonable explanation for any

conflict between the Dictionary [of Occupational Titles] and expert testimony."

Haddock, 196 F.3d at 1091.  The court explained that the DOT does not "trump" VE

testimony, but the ALJ has a duty to investigate and get a reasonable explanation before

she may rely on the testimony.  Id.

On June 20, 2000, the Commissioner published Acquiescence Ruling 00-3(10) in

which he explained that he would apply the holding of Haddock within the Tenth Circuit

although that holding conflicted with his interpretation of the Act.  Acquiescence Ruling

00-3, West's Soc. Sec. Reporting Serv., Rulings, 402 (Supp. 2003).  Thereafter, the

Commissioner published SSR 00-4p, effective December 4, 2000.  2000 WL 1898704

(SSA Dec. 4, 2000).  In SSR 00-4p, the Commissioner rescinded Acquiescence Ruling

00-3(10), and established a policy interpretation for the use of VE testimony and "Other

6

Reliable Occupational Information in Disability Decisions." Id.  In the ruling, the

Commissioner placed two duties on the ALJ.  First, the ALJ must "identify and obtain a

reasonable explanation for any conflicts between occupational evidence provided by VEs

... and information in the Dictionary of Occupational Titles (DOT), including its

companion publication, the Selected Characteristics of Occupations Defined in the

Revised Dictionary of Occupational Titles (SCO)."  2000 WL 1898704, at *1 (emphasis

added).

Second, the ALJ was given the duty to "[e]xplain in the determination or decision

how any conflict that has been identified was resolved."  Id.  Ruling 00-4p places the

affirmative responsibility on the ALJ to "[a]sk the VE ... if the evidence he or she has

provided conflicts with information provided in the DOT," and where VE "evidence

appears to conflict with the DOT, ... [to] obtain a reasonable explanation for the apparent

conflict."  Id. at *4.

The ruling specifically deals with VE testimony regarding exertional level.

> Although there may be a reason for classifying the exertional demands of
> an occupation (as generally performed) differently than the DOT (e.g.,
> based on other reliable occupational information), the regulatory definitions
> of exertional levels are controlling.  For example, if all available evidence
> (including VE testimony) establishes that the exertional demands of an
> occupation meet the regulatory definition of "medium" work (20 CFR
> 404.1567 and 416.967), the adjudicator may not rely on VE testimony that
> the occupation is "light" work.

Id. at *3.

**B.     The ALJ's Findings**

7

The ALJ assessed Plaintiff with "the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)." (R. 18) (bold omitted). She found, among other limitations, that Plaintiff "requires the use of a cane for ambulation." Id. The court quotes, in substantial part, the ALJ's findings regarding the representative occupations and number of jobs available to Plaintiff in the national economy.

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.28. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as information clerk (DOT # 237.367-046) a sedentary SVP 2 position with 6,000 jobs nationally, telephone solicitor (DOT # 299.357-014) a sedentary SVP 3 position with 29,000 jobs nationally, and office clerk (DOT # 209.562-010) a light SVP 3 (position however ORS shows this is also unskilled sedentary) with 141,000 jobs nationally.

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. The DOT/SCO does not address the use of assistive devise, [sic] absenteeism, and telemarketer and office clerk being entry level. The vocational expert relied on vocational knowledge and experience regarding these issues.

(R. 22-23). The ALJ found, based on the VE testimony, that Plaintiff is not disabled within the meaning of the Act and the regulations.

### C.    Analysis

As relevant to the court's decision in this case, sedentary work requires walking and standing only occasionally, and lifting no more than ten pounds and occasionally

lifting or carrying files, ledgers, and small tools, 20 C.F.R. § 404.1567(a), whereas light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or … it involves sitting most of the time with some pushing and pulling of arm or leg controls." Id. § 404.1567(b).  Based upon this regulation, the Commissioner has determined that the full range of sedentary work requires the ability to sit for about six hours and to stand and/or walk for about two hours in an eight-hour workday and the full range of light work requires the ability to sit for about six hours and to stand and/or walk about six hours in an eight-hour workday.  "RFC is not the least an individual can do despite his or her limitations or restrictions, but the most."  SSR 96-8p, 1996 WL 374184, at *1 (SSA July 2, 1996) (emphases in original).  Therefore, in finding Plaintiff capable of performing sedentary work as defined in 20 C.F.R. § 404.1567(a) and not further limiting or extending her abilities to lift or to sit and/or stand, the ALJ necessarily found Plaintiff is limited to standing and/or walking only about two hours in an eight-hour workday and to lifting and/or carrying ten pounds.

The occupation of an office clerk (DOT # 209.562-010) is light as listed in the DOT and requires the ability to lift and/or carry or to push and/or pull with a force of ten pounds frequently and up to twenty pounds maximum; and to stand and/or walk about six hours in an eight-hour workday.  According to the DOT Plaintiff is not capable of the lifting or the standing and/or walking requirements of that occupation.  The VE testified that the ORS provides that half of the jobs in that occupation (141,000) are sedentary jobs.  (R. 48).  She also testified that she had supplemented the information in the DOT

9

with her vocational knowledge and experience (apparently grounded in the ORS) that the office clerk occupation is an entry level position. (R. 49). As quoted above, the ALJ noted, and apparently accepted, the VE's testimony that the office clerk occupation is (or contains) an unskilled, sedentary occupation consisting of 141,000 jobs. Id, at 23. She found the VE's testimony consistent with the DOT because the DOT "does not address … office clerk being entry level." Id.

This says nothing about 141,000 office clerk jobs (over half of the total 281,895 office clerk occupation jobs which the DOT classifies as light (R. 48)) being sedentary jobs. Thus, the ALJ accepted without comment the VE's testimony in that regard despite that testimony is grossly inconsistent with the DOT. Perhaps this was because the VE testified this information came from the Occupational Requirements Survey and the ALJ accepted this publication as one of which the SSA has determined to take administrative notice as reliable job information in 20 C.F.R. § 404.1566(d). However, that regulation lists only five publications of which the SSA will take administrative notice: the Dictionary of Occupational Titles, published by the Department of Labor; the County Business Patterns, published by the Bureau of the Census; the Census Reports, also published by the Bureau of the Census; Occupational Analyses, prepared for the Social Security Administration by various State employment agencies; and the Occupational Outlook Handbook, published by the Bureau of Labor Statistics. 20 C.F.R. § 404.1566(d)(1-5). Therefore, the ALJ needed to explain how she resolved the conflict between the DOT and the VE testimony and the apparent conflict between the ORS and the DOT. Remand is necessary because she did not do so.

10

The court notes the Commissioner provided a link to the ORS in his brief. (Comm'r Br. 10-11, n.3).  The court followed the link but found nothing helpful to resolve this issue.  On the web page of that link the court did a search for "office clerk" and found some vocational information relating to office occupations (including lawyers), but nothing specifically suggesting that 141,000 sedentary office clerk jobs exist in the national economy.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the Commissioner's final decision for further proceedings consistent with this opinion.

Dated March 6, 2026, at Kansas City, Kansas.


s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**